UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

aassa

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Filed October 11, 2016, Dkt. 18)

(IN CHAMBERS) PETITIONER'S MOTION FOR SUMMARY JUDGMENT (Filed October 11, 2016, Dkt. 19)

## I.   INTRODUCTION

On May 13, 2016, Aria Fire Systems, Inc. ("Aria") filed a petition to vacate a contractual arbitration award in Los Angeles County Superior Court requesting relief from an arbitration award in favor of Sprinkler Fitters UA Local 709 ("Local 709"). Dkt. 1, Ex. 1. On May 20, 2016, Local 709 filed a Notice of Removal of the petition to the United States District Court for the Central District of California. Dkt. 1. Respondent's basis for removal was the District Court's original jurisdiction over matters arising under federal law, specifically the Labor Management Relations Act. See 28 U.S.C. §1441(a) (governing removal of civil actions); 29 U.S.C. §185(a) (the LMRA). On May 24, 2016, Local 709 filed a counterclaim seeking confirmation and enforcement of the arbitration award. Dkt. 8.

On October 11, 2016, Aria filed a motion for summary judgment requesting that the Court vacate the arbitration award. Dkt. 19. On the same day, Local 709 filed a motion for summary judgment seeking enforcement of the arbitration award. Dkt. 18. On October 24, 2016, each party filed an opposition to the other party's motion for summary judgment. Dkt. 20-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

On November 7, 2016, the Court held oral argument on the present motion and thereafter took the matter under submission. Dkt. 23. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The material facts underlying this action appear to be undisputed.

In June 2013, the Pasadena Unified School District awarded a contract to Sinanian Development Inc. ("Sinanian") for "the Sierra Madre Upper-New Middle School project," ("the Project"). Petitioner's Statement of Uncontroverted Facts ("Pet. SUF") No. 1, Dkt. 19-4. Work at the Project was subject to a labor agreement entitled "Continuity of Work Agreement Between Pasadena Unified School District and Los Angeles and Orange Counties Building and Construction Trades Council and the Signatory Craft Councils and Unions" (the "CWA"). Id.

Local 709 is a union of fire sprinkler fitters and apprentices who install, test, and maintain fire systems. Respondent's Statement of Uncontroverted Facts ("Resp. SUF") No. 1, Dkt. 18-2. Aria is a California corporation that entered into a subcontract with Sinanian to perform sprinkler work on the Project. Id. No. 22. Prior to its work on the Project, Aria executed a letter of assent confirming that it agreed to be bound by the CWA. Id. No. 23.

This action arises out of a labor dispute and the arbitration provision of the CWA. Rick Vazquez, president of Local 709, claims that on July 31, 2015, he learned that Aria was violating the CWA. Vazquez Decl. ¶ 8. The CWA provides that compliance with the CWA shall be monitored by a designated Project Labor Coordinator. The Project Labor Coordinator for the Project underlying this action was Linda Thong. On August 18, 2015, Vazquez filed a grievance under the CWA by emailing Thong. Id. ¶ 9. Vazquez's email explained that he wanted two issues resolved, namely, proper payment of wages for three Project employees and a determination whether two other employees satisfied the CWA's qualification requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

On August 19, 2015, Thong, sent Local 709 and Aria notice of a "Step II" grievance meeting scheduled for August 25, 2015.[1]  Resp. SUF No. 27.  The Step II grievance meeting was then postponed until August 31, 2015, because Aria's president, Kurosh Saheli, was ill on August 25, 2015.  Id. Nos. 28-29.  Saheli attended the meeting on August 31, 2015.

The parties left the Step II meeting with an agreement.  At the August 31, 2015, meeting, Aria agreed to demonstrate that three Local 709-represented employees had been properly paid, or to pay them back pay.  Id. No. 31.  Aria also agreed to provide Local 709 a report of all hours worked on the Project and to make any "fringe benefit" payments that were owed to Project employees.  Id. No. 31.  The parties' agreement does not appear to have addressed the two employees who may not have satisfied the CWA's employee qualification requirements.  After the Step II meeting, Thong emailed the parties a summary of their agreement.  Id. No. 32.

On September 7, 2015, Aria sent Vazquez copies of cancelled checks purportedly showing that the three Local 709-represented employees had been properly paid.  Id. No. 33.  However, as of September 14, 2015, Aria had not sent Local 709 a report addressing fringe benefits.  Id. No. 34.  On September 15, 2015, Vazquez emailed Thong stating that it had not received the fringe benefit reports from Saheli as promised at the Step II meeting.  Id. No. 35.  On the same day, Thong replied to Vazquez's email and stated that she would follow up with Sinanian and Aria regarding the hour reports.  Id. No. 36.  On September 23, 2015, Vazquez emailed Thong to request an update, id. No. 37, to which Thong replied that Sinanian intended to pull the work records and calculate if any fringe benefits were owed, id. No. 38.  On September 29, 2015, Thong emailed Vazquez stating, "I spoke with Sinanian this morning and they're in the process of finalizing the numbers.  It sounds like it will be a substantial amount.  Do you guys offer payment plans?? Please let me know."  Id. No. 39.

---

[1] The CWA's process for resolving grievances is divided into three steps.  "Step II" refers to a meeting between the Project Labor Coordinator and the parties to the dispute.  "Step III" refers to binding arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'   JS-6

| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

On October 1, 2015, Vazquez emailed Thong stating that Local 709 would like to see fringe benefits paid by October 5, 2015, and would otherwise like to move forward with Step III of the grievance process. Id. No. 40. Thong replied on the same day and acknowledged she would let "the contractor" know. Id. No. 41. On October 8, 2015, after not receiving the hours reports from Sinanian or Aria, Vazquez emailed Thong requesting that the grievance be advanced to arbitration. Id. Nos. 42-43.

The CWA provides that:

Step 3.   (a) If the grievance shall have been submitted but not resolved under Step 2, either the Union or contractor party may request in writing to the Project Labor Coordinator (with copy (ies) to the other party (ies)) within seven (7) calendar days after the initial Step 2 meeting, that the grievance be submitted to an arbitrator . . . The decision of the arbitrator shall be final and binding on all parties and the fee and expenses of such arbitrations shall be borne equally by the involved contractor(s) and the involved union(s).

(b) Failure of the grieving party to adhere to the time limits established herein shall render the grievance null and void. The time limits established herein may be extended only by written consent of the parties involved at the particular step where the extension is agreed upon. The arbitrator shall have the authority to make decisions only on issues presented and shall not have the authority to change, amend, add to or detract from any of the provisions of this Agreement.

Vazquez Decl. Ex. 1 at 25.

On November 11, 2015, Thong sent a schedule to Vazquez and Saheli stating that the Step III Grievance Meeting would occur on December 22, 2015. Vazquez Decl. Ex. 15. The schedule lists the address for Aria as 6740 Fallbrook Ave, Suite 103, West Hills,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

CA 91307, and provides that it was sent "**VIA ELECTRONIC MAIL AND FASIMILE** [sic]." Id.

    Local 709 requested that the arbitration be continued so that Local 709 could examine certified payroll records it had obtained and calculate the hours worked by Aria on the Project. Id. No. 45. On December 18, 2015, Thong emailed representatives from Sinanian, Local 709, and Aria requesting feedback on which of two possible dates in January would work best for the arbitration. Vazquez Decl. Ex. 16. On December 21, 2015, Thong emailed the parties to say that Local 709 had selected January 19th, 2016, for the rescheduled arbitration. Vazquez Decl. Ex. 17. Thong further stated, "Please let me know if this date will work for you. If I do not hear back from you by, Wednesday, December 23rd 2015, I will proceed with scheduling it for 1/19/2016." Id. Neither party has submitted evidence that Thong received any reply to her December 21, 2015, email regarding the new arbitration date, however, on December 23, 2015, Thong sent another schedule "via electronic mail and facsimile [sic]" to Vazquez and Saheli. Vazquez Decl. Ex. 18.

    The arbitration took place on January 19, 2016. Resp. SUF No. 49. Vazquez and Todd Golden, Local 709's Financial Secretary, appeared on behalf of Local 709. Id. Michelle Gilbuena, a Sinanian employee, was present, and Thong was in attendance. Id. No one attended on Aria's behalf. Id. The arbitrator proceeded without a representative from Aria and received evidence offered by Local 709.

    On January 27, 2016, the arbitrator issued his decision. Id. No. 54. In his decision, the arbitrator states:

> No representative of Aria Fire Protection made an appearance, though the Arbitrator was satisfied they had been duly informed that this Step III grievance meeting was being conducted, but for whatever reason made the decision to neither appear nor make contact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'    JS-6

| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

Dkt. 1, Ex. 1 pg. 12. The decision continues, "Notwithstanding the absence of the Respondents, the Arbitrator required [Local 709] to present its evidence of noncompliance with the terms of the PUSD CWA." Id. The arbitrator found that:

> A number of violations were alleged based on specific provisions found in the PUSD CWA . . . . Some of these allegations may be arguable; however, the arguments to the contrary must be made by [representatives from Aria] who were not present.

Id. pg. 13. Ultimately, the arbitrator awarded $241,361.54 "to cover the alleged violations," and $6,889.80 "for administrative and clerical time" to Local 709. Id. pg. 14. The arbitrator concluded that "[a]bsent any evidence of any offsets, this amount appeared reasonable and appropriate." Id.[2]

Aria now claims that it never had actual notice of the Step III grievance meeting and arbitration proceedings. Saheli has submitted two declarations in support of Aria's contention. In the first, Saheli explains that he did not receive any of the emails relating to the Step III grievance meeting because he had changed him email. Sahel Decl. ¶ 13, Dkt. 19-2. Thong's emails appear to have been sent to Kurosh1@ariafire.com, an email Saheli claims to have stopped using in "mid-2015." Id. Saheli's declaration states that he had been using a different email address, ksaheli@gmail.com, and had communicated with Sinanian from his new email address prior to the arbitration. Id. In Saheli's second declaration, Saheli claims that he could not receive mail at Aria's former West Hills

---

[2] On November 7, 2016, the Court heard oral argument from the parties with respect to the present motion. During oral argument, counsel for Aria noted that it had requested that the arbitrator reconsider his award. The Court instructed counsel for Aria to file a written copy of said request if it wished to add it to the record in this case. On November 9, 2016, counsel for Aria filed a copy of its request that the arbitrator reconsider his award. Dkt. 22-1. On November 14, 2016, Local 709 filed a response. Dkt. 24. The Court has reviewed Aria's evidentiary submission and it does not alter the Court's reasoning herein.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date  November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | |

office because Aria had moved. Saheli Decl. ¶ 7, Dkt. 20-1 ("the lease on the office space expired on September 30, 2015"). Saheli claims that "the first I gained knowledge of the arbitration hearing was after it had already happened, when Sinanian provided Aria with a copy of the arbitration award." Id.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

The parties do not appear to dispute the material facts underlying their dispute. Instead, the parties petition this Court to review the January 26, 2016, arbitration award in favor of Local 709 and either confirm it or vacate it.

A court's task in reviewing a labor arbitration award has been described as providing a "nearly unparalleled degree of deference" to the arbitrator.  Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers, 886 F.2d 1200, 1204 (9th Cir. 1989).

> In reviewing the merits of [a] challenge to the arbitrator's award, we must acknowledge that the task is different from that which judges are accustomed to perform; for, when reviewing the award of an arbitrator chosen by the parties to a collective bargaining agreement, we are bound—under all except the most limited circumstances—to defer to the decision of another, even if we believe that the decision finds the facts and states the law erroneously.

Id.  In signing the underlying arbitration agreement, the parties bargained for facts to be found by the arbitrator, not a court, and even an arbitrator's "silly" or erroneous fact-finding cannot be reversed by a reviewing court.  Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc., 823 F.3d 524, 530 (9th Cir. 2016).  Furthermore, the parties have authorized the arbitrator to interpret their agreement.  Id.  In doing so, the parties authorized the arbitrator to give their agreement meaning.  Id.  Accordingly, the arbitrator's interpretation of the agreement must be upheld "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority."  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O'  JS-6 |
|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date  November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | |

(1987). The same holds true even if the reviewing court "is convinced [the arbitrator] committed serious error." Id.

### A. Substantive Arbitrability

Aria argues that the Court must first decide whether Aria was "bound to arbitrate" and, if so, "what issues it must arbitrate." Pet. Opp'n at 7. In support of Aria's argument, Aria relies on language of the CWA that states that a grievance is "null and void" unless the parties seek Step III arbitration within seven days of Step II. Vazquez Decl. Ex. 1 at 25. Aria argues that Local 709 failed to request arbitration within the seven day time limit and therefore Local 709's "right to an arbitration never accrued." Pet. Opp'n at 6.

Petitioner improperly conflates procedural questions with the threshold question of whether or not the "subject matter of a dispute" is subject to arbitration. See John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543 (1964) ("Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator"). Aria attempts to construe John Wiley & Sons as requiring vacatur of the arbitration award here. However, in John Wiley & Sons the Supreme Court expressly rejected the argument Aria raises here.

In John Wiley & Sons, the Supreme Court addressed two separate questions. First, the Court addressed the threshold question of whether or not the parties' were bound by a collective bargaining agreement's arbitration provisions. Id. at 546-47. Once it had determined that the employer was bound by the arbitration agreement, the Court considered whether one party's failure to properly follow the agreement's grievance procedures prevented the dispute from being subject to arbitration. Id. at 555. In John Wiley & Sons, the collective bargaining agreement established a three step grievance resolution procedure like the one at issue here. Id. at 555-56. The agreement provided that "Arbitration is reached under 'Step 3' in the event that the grievance shall not have been resolved or settled in 'Step 2'." Id. at 556. The union had bypassed Steps 1 and 2 and instead immediately requested arbitration of their dispute. Id. The employer argued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'    JS-6

| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

that the union's attempt to go directly to Step 3 prevented the employer from ever having a duty to arbitrate the dispute. Id. The employer further urged that their duty to arbitrate in the first place was a threshold issue to be determined by the courts. Id. The Supreme Court rejected the employer's argument and determined that procedural objections were properly resolved by the arbitrator rather than the courts. Id. at 559 ("it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play"). Ultimately, the Court affirmed enforcement of the arbitration award despite the union's failure to obey the bargaining agreement's three step procedure. Id.

     The parties here do not dispute that they were each bound by the CWA and that the subject matter of the Union's grievance was subject to the CWA's grievance dispute mechanism. Accordingly, Aria and Local 709 were obligated to submit the subject matter of the dispute to arbitration. Aria's procedural challenge to the timing of respondent's request for Step III arbitration is analogous to the procedural objections raised in John Wiley & Sons. Accordingly, they were part of the dispute submitted to the arbitrator and are not subject to independent review by this Court. Although the arbitrator did not explicitly address these procedural issues in his written decision, they are implicit in his resolution of the grievance. See Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir.1989) (treating a procedural issue as necessarily before the arbitrator and affirming his implicit resolution of the issue). As in John Wiley & Sons, petitioner's procedural challenge to Local 709's request for arbitration does not affect whether or not the grievance was properly the subject of arbitration.

     Having determined that the grievance at issue here was subject to the CWA's arbitration provisions, the Court proceeds to determine whether vacatur is otherwise appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

**B.     Vacatur of the Arbitrator's Award**

Courts recognize four limited circumstances in which vacatur of a labor arbitration award may be justified:

> (1) when the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud.

S. California Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO, 265 F.3d 787, 792–93 (9th Cir. 2001).

Aria argues that the arbitration award here should be vacated because the arbitrator exceeded the boundaries of the issues submitted to him and because the award is contrary to public policy. The Court addresses each in turn.

### 1.     The Boundaries of the Issues Submitted to Arbitration

Petitioner argues that the arbitration award should be vacated because the arbitrator entertained and heard issues beyond those pre-identified by Local 709. The gravamen of petitioner's argument is that the Local 709's letter initiating the Step II meeting only identified two grievances and that the arbitrator accepted evidence about and granted an award for numerous violations of the CWA that were raised for the first time during the Step III meeting.

An arbitrator's authority is limited to the submission before him. Pack Concrete, 866 F.2d at 285. An arbitrator's interpretation of a collective bargaining agreement is subject to vacatur only if the arbitrator effectively "dispense[s] his own brand of industrial justice" rather than even arguably "acting within the scope of his authority." Drywall, 823 F.3d at 531. Furthermore, "an arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the

Case 2:16-cv-03522-CAS-RAO   Document 26   Filed 11/14/16   Page 12 of 16   Page ID #:617

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                  'O'     JS-6

| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

collective bargaining agreement." Id. Accordingly, the Court evaluates the arbitrator's interpretation of the scope of the issue submitted for arbitration to determine if the arbitrator merely dispensed "his own brand of industrial justice."

> [D]eference to an arbitrator's interpretation of a submission follows from the Supreme Court's directive that 'when the subject matter of a dispute is arbitrable, 'procedural' questions which grow out of the dispute and bear on its final disposition are to be left to the arbitrator.'

Pack Concrete, 866 F.2d at 285 (quoting Misco, 484 U.S. at 40).

Local 709 submitted several CWA violations to the arbitrator for which he gave Local 709 its requested remedy. Aria does not dispute that these CWA violations were "submitted" to the arbitrator. Local 709 handed the arbitrator a packet describing the issues they had observed at the Project and wanted resolved. See Vazquez Decl. Ex. 19. Although formulated as an argument about the scope of the issues for arbitration, petitioner's argument appears to be that these submissions were *untimely* because they had not been raised during the Step II meeting.

This is not a case where the parties submitted an issue to arbitration and the arbitrator doled out "his own brand of industrial justice," Drywall, 823 F.3d at 531, by investigating and punishing disputes that were not before him. Instead, as in John Wiley & Sons, plaintiff appears to argue that Local 709 bypassed Steps I and II with respect to several CWA violation grievances and submitted them for the first time at Step III. As already discussed, procedural issues predating the arbitration award were necessarily before the arbitrator at the time of arbitration and implicitly resolved by him. Under John Wiley & Sons, it appears that Local 709 could have skipped Step I and Step II altogether. Even if they had done so, although they did not, those procedural irregularities would be subject to resolution by the arbitrator, not a court reviewing the arbitrator's award.[3]

---

[3] Additionally, despite petitioner's argument to the contrary, the parties appear to have known that the issues in dispute extended beyond Local 709's letter initiating the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

Petitioner did not dispute Local 709's presentation of the issues or the procedure leading up to the arbitration because petitioner was not present at the arbitration. That fact, however, does not alter the scope of the issues submitted for arbitration.

In light of the foregoing, it appears that the arbitrator properly resolved the issues submitted to him. Local 709 presented a number of issues for his determination during the arbitration meeting and the arbitrator ruled on them. Implicit in the arbitrator's decision was resolution of any procedural irregularities governed by the CWA. On the present record, it does not appear that the arbitrator merely doled out "his own brand of industrial justice." Drywall, 823 F.3d at 531.

### 2. Public Policy

Petitioner's final argument is that the arbitrator's award is contrary to public policy because petitioner did not receive actual notice of the arbitration hearing.

The public policy exception to the "stringent rule ordinarily requiring courts' enforcement of arbitrators' decisions" is narrow. Id. at 534. A court may only vacate an arbitration award if it "run[s] contrary to an explicit, well-defined, and dominant public policy, as ascertained by reference to positive law and not from general considerations of supposed public interests." E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17, 531 U.S. 57, 63 (2000). "This exception is 'a specific application of the more general doctrine, rooted in the common law, that a court may refuse to enforce contracts that violate law or public policy.'" Drywall, 823 F.3d at 533–34 (quoting Misco, 484 U.S. at 42).

In support of its argument, Aria relies upon United Steelworkers of Am. Local 1913 v. Union R. Co., 597 F.2d 40 (3d Cir. 1979). In United Steelworkers, an employee challenged his discharge under the Railway Labor Act. Id. at 41. After the discharge was affirmed by a "public law board" contractually established to resolve disputes, the

---

Step II meeting. In fact, the parties left the Step II meeting with an agreement about unpaid "fringe benefits," which had not appeared in Local 709's Step II letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

employee challenged the discharge in district court. Id. The employee claimed that he had been denied his right to counsel during the public law board's hearing and the district court, finding that the record was inadequate to review the employee's claim, remanded the matter to the public law board for further proceeding. Id. On remand, the public law board held an additional hearing on the matter and confirmed its prior ruling without giving the employee any notice of the hearing. Id. The Third Circuit Court of Appeals reversed after finding that "the plaintiff's statutory right to notice [pursuant to the Railway Labor Act] has been violated" and ordered a second hearing before the public law board. Id. at 43.

United Steelworkers does not stand for the proposition that a labor arbitration award must be vacated unless every party is given *actual* notice of the proceeding. This is not a case like United Steelworkers where the parties made no effort to properly notify petitioner of arbitration proceedings. Nor is this action governed by the Railway Labor Act's notice's requirements.

In this case, the arbitrator expressly found that Aria had received adequate notice of the arbitration meeting. Dkt. 1, Ex. 1 pg. 12. The arbitrator's factual findings cannot be disturbed by this Court. See Misco, 484 U.S. at 39 ("improvident, even silly, factfinding . . . is hardly a sufficient basis for disregarding what the agent appoint by the parties determined to be the historical facts"). Aria does not allege that the arbitration award was procured through fraud or other affirmative misconduct by Local 709, Thong, or the arbitrator. Instead, Aria contends that the various communications from Thong and Local 709 regarding the arbitration meeting were sent to addresses that Aria had recently stopped using.

Even if this Court were in a position review the adequacy of notice given to Aria, it would not provide a basis for vacating the arbitrator's award. Prior to the request for arbitration, the parties appear to have been communicating via the same email and mailing addresses that Saheli later changed. See e.g. Vazqeuz Decl. Ex. 7 (an email from Thong on August 25, 2015, notifying Saheli, via Kurosh1@ariafire.com, of the Step II meeting, which he later attended). The petitioner does not contend that it gave Thong or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

Local 709 notice of its changed email and mailing addresses despite an ongoing grievance dispute, which remained unresolved after the Step II meeting. Furthermore, Aria does not appear to have had reason to believe the dispute was over because Aria had yet to provide a fringe benefit report as promised at the Step II meeting. Instead, Saheli states in his declaration that he had communicated with Sinanian from his new email address and that Sinanian would have known how to contact him. Saheli Decl. ¶ 13, Dkt. 19-2. However, whatever constructive notice Sinanian may have had that Aria's email address had changed, Aria failed to give notice of an email or address change to the parties that mattered.

Ultimately, the arbitrator explicitly found that there was adequate notice to Aria of the proceedings and implicitly concluded that notice was sufficient to satisfy the CWA's terms. This Court may not reverse that finding, but, even if it could, there would be no principled basis for doing so. Accordingly, Aria has not directed the Court to a dominant public-policy requiring vacatur of the arbitration award.

In light of the foregoing, the Court concludes that the arbitration award here is valid and should be enforced.[4] Accordingly, petitioner's motion for summary judgment is **DENIED**. Respondent's motion for summary judgment is **GRANTED.**

---

[4] During oral argument on this motion, counsel for Aria raised several new arguments. Most of counsel's arguments challenged the arbitrator's factual findings and award. As already discussed, the Court may not revisit the arbitrator's factual findings except in limited circumstances no present here. Additionally, Aria attempted to argue, for the first time during the hearing, that the arbitrator's award should be vacated because it was procured through fraud. As counsel acknowledged during the hearing, this argument was not raised in Aria's motion. However, even if this argument were not untimely, it would lack merit. Counsel for Aria asks this Court to infer fraud by Local 709 from Aria's lack of actual notice that arbitration was proceeding. Counsel for Aria argues that Local 709 concealed the arbitration proceedings from Aria in order to fraudulently gain an arbitration award without opposition from Aria and beyond the scope of the issues presented at Step II of their dispute. However, the arbitrator found that notice was duly given and it appears that Aria failed to notify the parties of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-03522-CAS (RAOx) | Date | November 14, 2016 |
| Title | ARIA FIRE SYSTEMS, INC. V. SPRINKLER FITTERS UA LOCAL 709 | | |

## V.   CONCLUSION

Local 709's motion for summary judgment is **GRANTED**.

Aria's motion for summary judgment is **DENIED**.

The Decision of Arbitrator Joseph F. Gentile is confirmed in its entirety, and judgment shall be entered thereon in favor of Local 709.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |

change in address.  Furthermore, as set forth herein, it was for the arbitrator to determine the scope of the issues submitted for arbitration.